**ZHANBO YANG, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72530.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 25, 2015.

David M. Haghighi, Law Offices of David M. Haghighi, APC, Los Angeles, CA, for Petitioner.

Justin Robert Markel, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Zhanbo Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Yang's testimony and documentary evidence regarding his family planning claim. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard). Yang's explanations do not compel the opposite result. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). In the absence of credible testimony, Yang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Yang's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.